UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Randy Williams, | ) | Civil Action No.: 4:18-cv-00558-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| McAngus Goudelock and Courie LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court for consideration of Plaintiff's objections to the Report and

Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West.[1] *See* ECF Nos. 13

& 15. The Magistrate Judge recommends summarily dismissing Plaintiff's pro se complaint without

prejudice. R & R at p. 7.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's

recommendation has no presumptive weight, and the responsibility to make a final determination

remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a

de novo review of those portions of the R & R to which specific objections are made, and it may accept,

reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the

matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), and she reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

### Discussion[2]

Plaintiff, proceeding pro se, has filed a complaint seeking to sue his former employer's law firm for alleged defamation stemming from his state workers' compensation action. *See* ECF No. 1. The Magistrate Judge recommends summarily dismissing Plaintiff's complaint for lack of subject matter jurisdiction. *See* R & R at pp. 3–7. Specifically, the Magistrate Judge concludes there is neither diversity nor federal question jurisdiction over this action. *See id.*; *see generally* 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction).

Plaintiff has filed objections, but he does not specifically object to the Magistrate Judge's conclusion that this Court lacks subject matter jurisdiction over this action. *See Diamond* & *Camby*, *supra* (stating that absent a specific objection, the Court need only review the R & R for clear error and need not give reasons for adopting it). Instead, Plaintiff rehashes and supplements the allegations in his complaint. Plaintiff's objections provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition, and therefore the Court will adopt the R & R.

---

[2] The R & R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards.

## Conclusion

For the foregoing reasons, the Court adopts and incorporates by reference the R & R [ECF No. 13] of the Magistrate Judge. Accordingly, the Court **DISMISSES** Plaintiff's complaint *without prejudice*[3] *and without issuance and service of process.*[4]

**IT IS SO ORDERED.**


Florence, South Carolina          s/ R. Bryan Harwell
August 21, 2018          R. Bryan Harwell
         United States District Judge

---

[3]    *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims." (alteration in original) (citation omitted)).

[4]    In the Court's view, Plaintiff cannot cure the defects in his complaint by mere amendment. *See Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015). The Court therefore declines to automatically give Plaintiff leave to amend.